# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL D. WALLER,<br>        Plaintiff,<br><br>   v<br><br>CHARLES DEPP an individual, SONDRA<br>KLEPSKY an individual and THE<br>COMMONWEALTH OF PENNSYLVANIA<br>        Defendants. | 2:10-cv-372 |

## MEMORANDUM ORDER

Now pending before the Court are PLAINTIFF'S MOTION TO ENJOIN DEFENDANTS' INTIMIDATION OF PLAINTIFF AND PLAINTIFF'S WITNESSES AND REQUEST FOR EXPEDITED HEARING (Document No. 17), Defendants' response to the motion for expedited hearing (Document No. 18), and the MOTION TO STRIKE EXHIBITS (Document No. 19) filed by counsel for Plaintiff. The motions are ripe for disposition.

Plaintiff April Waller is a female dispatcher who is employed by the State Police at the Uniontown Station in Fayette County, Pennsylvania. In this case, Waller alleges that Defendants have filed allegedly false reports about her conduct at work and taken numerous disciplinary actions (including suspensions without pay) in retaliation for her protected activities, including the filing of complaints with the EEOC. The pending motion arises from the efforts to schedule the depositions of three other female dispatchers.

In essence, counsel for Plaintiff seeks an expedited hearing to "enjoin" Defendants from conspiring to intimidate Plaintiff and the three deposition witnesses. Counsel for Plaintiff, David

Millstein and Jon Pushinsky, allege that the depositions were "scheduled"; that defense counsel was notified; that the names of the deponents were disclosed; and that subpoenas were served on the witnesses. Plaintiff avers that the depositions were originally scheduled for November 30, 2010 but "were rescheduled for a later time for reasons unrelated to this motion."

Plaintiff claims that the witnesses have experienced "intimidation and retaliation" from Defendants, consisting of: (a) alteration of their work schedules from daylight-only shifts to a rotating schedule of second and third shifts; (b and c) a refusal to allow the witnesses to schedule paid time off (or any time off) to attend the depositions; (d) a warning that if grievance(s) were filed as a result of the schedule changes "things would get much worse"; (e) giving the witnesses last choice in the selection of Christmas vacation time; (f) reassignment of one witness from a private office to a "front desk"; (g) alleged warrantless and illegal tapping of Plaintiff's cell phone; and (h) continued disciplinary proceedings filed against Plaintiff. Plaintiff requests an expedited hearing to prevent alleged "further intimidation" and asks the Court to restore the alleged "status quo" regarding the work and vacation schedules. Plaintiff's motion is unverified and not supported by affidavits or declarations from the individuals involved.

In response, counsel for Defendants, Mary Friedline, has vigorously denied the accusations leveled by counsel for Plaintiff. Attorney Friedline explained that although she had been advised in early November that attorney Millstein intended to subpoena the three female dispatchers for depositions on November 30, the Notices of Deposition and/or subpoenaes were never sent. On November 24, 2010 (the day before Thanksgiving), attorney Friedline called Rachel Yantos, Esquire, an associate of attorney Millstein to confirm that the depositions would not take place. Attorney Yantos explained that the subpoenas had just been sent out that day (the 24th), agreed that the short notice would present scheduling problems (particularly given the Thanksgiving holiday),

and discussed scheduling the depositions for December 12 and 13. In early December, attorney Friedline received a phone message from attorney Millstein which stated that the depositions would not take place on December 12 or 13 because the deponents were reluctant to testify and allegedly were having a hard time getting off work for the depositions. Friedline investigated the allegation and learned that Sergeant Joseph D'Andrea (who schedules the dispatchers) had not been notified of the deposition dates. Nor had the witnesses shown him the subpoenas. Attorney Friedline represented in writing that attendance at the depositions would not be a problem and that Sergeant D'Andrea "will gladly arrange for those employees to be covered if they are subpoenaed to testify during work hours." Exhibit 3.

Defendants have further represented that the changes to the dispatchers' schedules were entirely unrelated to the depositions. In support of their position, Defendants have submitted Declarations from Lieutenant David Hickman and Sergeant D'Andrea, which explained that the schedule changes had been planned for several months in order to address manpower shortages. The Declarations were signed and executed under penalty of perjury in compliance with 28 U.S.C. § 1746. Plaintiff's contention that these Declarations should be stricken as "unverified and unsworn" is without merit. The MOTION TO STRIKE EXHIBITS (Document No. 19) is **DENIED**.

Plaintiff is not entitled to injunctive relief or an expedited hearing regarding the scheduling of the three depositions at issue. This is fundamentally a discovery dispute, which Plaintiff is attempting to transform into an unwarranted collateral proceeding. It is readily apparent that there has been miscommunication regarding the scheduling of these depositions. The Court cannot agree that the reasons for postponement of the original deposition dates are entirely "unrelated" to the pending motion. Nevertheless, Defendants apparently remain willing to make

the witnesses available for deposition – such that a collateral hearing would not be consistent with the "just, speedy, and inexpensive determination" of this case.  *See* Fed. R. Civ. P. 1.  If the parties remain unable to resolve their differences, appropriate procedures and sanctions are available through the Federal Rules of Civil Procedure which explicitly govern deposition practice.  Accordingly, PLAINTIFF'S MOTION TO ENJOIN DEFENDANTS' INTIMIDATION OF PLAINTIFF AND PLAINTIFF'S WITNESSES AND REQUEST FOR EXPEDITED HEARING (Document No. 17) is **DENIED**.[1]

In the event that Plaintiff complies with all applicable requirements in the Federal Rules of Civil Procedure regarding deposition scheduling and is still unable to obtain Defendants' cooperation, Plaintiff may file an appropriate motion for relief in this Court.  Any such motion must fulfill the "meet and confer" obligation set forth in Fed. R. Civ. P. 37(a)(1), which requires a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

SO ORDERED this 16th day of December, 2010.

BY THE COURT:

s/    Terrence F. McVerry
United States District Court Judge


cc:    David J. Millstein. Esquire
       Email: sponte@aol.com
       Jon Pushinsky, Esquire
       Email: jonpush@aol.com

       Mary Lynch Friedline, Esquire
       Email: mfriedline@attorneygeneral.gov

---

[1] The Court declines Plaintiff's request to micromanage the work and vacation schedules of non-parties.  Moreover, Plaintiff is not entitled to use the pending litigation as a shield against appropriate work-related discipline.